IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                              Cr. No. 19-2607 KG

THOMAS H. LAWS,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Thomas Laws' *pro se* Motion for Compassionate Release (Motion). (Doc. 77). The United States timely filed a response. (Docs. 78, 79).[1] For the reasons explained herein, the Court denies Mr. Laws' request for counsel, denies his request for an evidentiary hearing, and denies his Motion on the merits.

I.    *Background*

The Grand Jury indicted Mr. Laws on August 14, 2019, on nine counts of wire fraud, in violation of 18 U.S.C. § 1343; seven counts of transportation, transmission and transfer of stolen money, converted and taken by fraud, in violation of 18 U.S.C. § 2314; and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). (Doc. 4). On April 7, 2020, Mr. Laws pled guilty to an Information charging him with four counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). (Doc. 41). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties

---

[1] The Court hereby grants the United States' Motion to Supplement its Response (Doc. 79) and has considered that Supplement in resolving Mr. Laws' Motion.

stipulated "that a term of not more than 81 months imprisonment is appropriate in this case," but allowed each party to argue for any sentence of not more than 81 months. *Id.* at 11.

In the Plea Agreement, Mr. Laws admitted, among other things, to: abusing his position as a Certified Public Accountant and registered investment advisor to "obtain money from others by means of an array of false pretenses and fraudulent misrepresentations"; acting "with specific intent to defraud a series of clients, lenders and investors" and spending "much of that money that [he] fraudulently obtained from others for [his] personal purposes"; using and causing others to use "interstate wire communication facilities for purposes of carrying out episodes of [his] scheme." *Id.* at 5–10. Mr. Laws affirmatively admitted that his "fraudulent scheme . . . and relevant conduct involved more than 10 victims . . . . [and] cause other persons to suffer financial losses of more than $1,500,000 in aggregate." *Id.* at 10.

Prior to sentencing, Mr. Laws moved for a 24-month sentence (the statutory minimum) "based on his compelling history and characteristics, specifically that: 1.) Mr. Laws' advanced age, coronary heart disease and high blood pressure put him at grave danger for Covid-19 complications and other life-threatening diseases;" 2.) family responsibilities; "3.) Mr. Laws' lifetime of good deeds mitigates the bad; 4.) he is devoted to making his former clients' whole again, and a shorter sentence will allow him to work and pay restitution;" and 5.) because a low-end sentence would be sufficient to satisfy the sentencing goals enshrined in 18 U.S.C. § 3553(a). (Doc. 50) at 1.

On May 12, 2021, after considering the briefing, applicable law, and the circumstances, the Court sentenced Laws to 81 months' imprisonment, followed by three years of supervised release, a $500 special penalty assessment, and $4,087,172.44 in restitution. (Doc. 63). Mr. Laws

appealed his sentence on May 21, 2021 (Doc. 65), but voluntarily dismissed the appeal on August 23, 2021 (Doc. 76). Mr. Laws has a projected release date of April 11, 2027. (Doc. 78) at 3.

Mr. Laws now asks the Court to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(1), on the basis that his medical conditions present extraordinary and compelling reasons for compassionate release. (Doc. 77). Specifically, Mr. Laws represents that he is 65 years old, suffers from obesity, chronic kidney disease in the form of persistent kidney stones, coronary atherosclerosis, and uncontrolled hypertension, and that he had a quadruple bypass surgery in August 2018. *Id.* at 2. These conditions, according to Mr. Laws, make him especially susceptible to viruses such as COVID-19.[2] In seeking compassionate release, Mr. Laws also requests that the Court appoint counsel and set an evidentiary hearing on this matter. *Id.* at 5.

The parties agree that Mr. Laws exhausted his administrative remedies. (Doc. 79) at 1. Other than agreeing that Mr. Laws exhausted the administrative remedies, the United States opposes his Motion. (Doc. 78).

II. *Analysis*

The Tenth Circuit recently endorsed a "three-step test for 'courts considering motions filed under [18 U.S.C.] § 3582(c)(1).'" *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (explaining that "because this three-step test is consistent with the plain language of the statute, we adopt the test for use in this circuit"). Under this test, a district court may grant a motion to reduce sentence if: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable

---

[2] As of May 26, 2021, Mr. Laws has had at least one dose of the COVID-19 vaccine. (Doc. 78) at 15; *see also* (Doc. 77) at 3 ("Laws is vaccinated against the recommendation of his personal physician.").

3

policy statements issued by the Sentencing Commission"; and (3) it "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Maumau*, 993 F.3d at 831. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (quoting *McGee*, 922 F.3d at 143; citing *Maumau*, 993 F.3d at 831 n.4).

The Tenth Circuit recently held that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"). Other district courts in this Circuit, following *McRae*, have concluded that, where a defendant has had access to the COVID-19 vaccine, incarceration during the pandemic does not serve, on its own, as an extraordinary and compelling reason for a sentence reduction. *See, e.g.*, *United States v. Martinez-Martinez*, Case No. 18-20090-01-DDC, 2022 WL 2237478, at *2 (D. Kan. June 22, 2022); *United States v. Smith*, No. 2:13-cr-00776, 2022 WL 1422197, at *6 (D. Utah May 5, 202); *United States v. Oaks*, No. 18-CR-00470-PAC-11, 2022 WL 1081148, at *2 (D. Colo. Apr. 11, 2022).

Mr. Laws complains that he does not have access to adequate medical care while in BOP custody. However, his complaints are contradicted and rebutted by the medical records included in the United States' Response (Doc. 77). It appears that Mr. Laws receives regular medical

4

treatment and, while he may not be compliant with that treatment, has adequate access to appropriate care. Moreover, Mr. Laws' conditions are not "extraordinary or compelling." None of his conditions are terminal. He turned 65 shortly after filing his Motion[3] and has served approximately sixteen months or approximately 20% of his sentence.[4] While Mr. Laws asserts that his medical conditions have "substantially diminished [his] ability to provide self-care within the environment of a correctional facility," he submitted neither evidence nor argument on that point. (Doc. 77) at 2. In short, Mr. Laws did not present anything "extraordinary" or "compelling" to warrant a compassionate reduction in sentence.

Mr. Laws' Motion is, therefore, denied. Furthermore, because the Court finds that Mr. Laws failed to establish "extraordinary and compelling" reasons to reduce his sentence, the Court need not address the remaining factors. *Hald*, 8 F.4th at 938.

A defendant has no constitutional right to counsel in pursuing a § 3582 motion, although the Court may appoint counsel in its discretion. *See Engberg v. Wyoming*, 265 F.3d 1109, 1121–22 (10th Cir. 2001); *United States v. Valenzuela*, No. 2:17-cr-02141-WJ, 2020 WL 6561273, at *4 (D.N.M. 2020). On August 13, 2020, the Court entered an Administrative Order establishing the proper procedures for "effectuating the discretionary appointment of counsel and handling compassionate release requests." 20-MC-0004, ECF 30. That Order requires that the request for

---

[3] Mr. Laws represented in his Motion, signed September 11, 2022, that he was already 65. (Doc. 77) at 2. The Presentence Investigation Report indicates Mr. Laws' birthday is September 23. (Doc. 46) at 2.

[4] Given his age, sentence of conviction, and the amount of time he has served so far, 18 U.S.C. § 3582(c)(1)(A)(ii) does not apply. Put another way: Mr. Laws has not yet turned 70, has not served at least 30 years of a life sentence, and no determination has been made by the Director of the Bureau of Prisons that he is not a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

appointment of counsel "[s]tate the grounds for an appointment by describing the extraordinary and compelling reasons supporting the requested relief." *Id.*

The Administrative Order does not govern Mr. Laws' *pro se* request for counsel, but the Court will employ many of the same considerations. Appointing counsel in this case would be fruitless: the Court found that "extraordinary and compelling reasons" do not exist at this time. Therefore, the Court exercises its discretion in denying the request to appoint counsel.

The Court also denies Mr. Laws' request for an evidentiary hearing. Section 3582(c)(1)(A) motions do not require a hearing. *United States v. Hemmelgarn*, 15 F.4th 1027, 1032 n.3 (10th Cir. 2021) (citing *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021)). While an evidentiary hearing may be appropriate "when any factor important to the sentencing determination *is reasonably in dispute*," the decision to hold a hearing remains in the Court's discretion. *United States v. Pinson*, 835 Fed. Appx. 390, 395 n.5 (10th Cir. 2020) (quotation omitted) (emphasis in original). Here, the Court exercises its discretion to deny a hearing because the lack of "extraordinary and compelling reasons" is not reasonably in dispute.

III. *Conclusion*

For the reasons discussed herein, Mr. Laws' *pro se* Motion for Compassionate Release (Doc. 77) is denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE